United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Christine Valles and<br>William Emilio Valles, Plaintiffs<br><br>v.<br><br>Target Corporation, Defendant | )<br>)<br>)<br>)  Civil Action No. 14-60723-Civ-Scola<br>)<br>)<br>) |

## Order Granting Defendant's Summary-Judgment Motion

Christine Valles was shopping at a Target store in Pembroke Pines, Florida with her daughter-in-law, Kelly. While the two were separated, Christine Valles fell. She broke her wrist, fractured her nose, cut her lip, and injured both of her elbows. No one saw her fall, and no one saw anything on the floor near where she fell.

Valles sued Target, claiming that its negligence caused her injuries. Target asks for a summary judgment, arguing that Valles has no evidence to show that Target was negligent. Valles opposes the motion, arguing that the evidence shows there was something on the floor that caused her to slip and fall. Because Valles has not presented any evidence, either direct or circumstantial, that would give rise to an inference that a foreign substance had been on the floor for a sufficient length of time to charge Target with constructive knowledge of its presence, the Court must grant Target's summary-judgment motion.

The Court applies the familiar legal standard for summary-judgment motions. "Summary judgment is appropriate where the pleadings, affidavits, depositions, admissions, and the like show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015) (punctuation & citation omitted). "[T]o survive summary judgment, the nonmoving party must . . . make a showing sufficient to permit the jury to reasonably find on its behalf." *Id.*

1. **Florida law requires a slip-and-fall plaintiff prove the store had actual or constructive knowledge of the dangerous condition that caused her to fall.**

The mere fact that a person falls in a store does not automatically mean that the store is liable. *Bucholtz v. City of Jacksonville*, 72 So. 2d 52, 53 (1954). "Before there can be a recovery for an injury of this kind, [the person] must show some negligence on the part of the [store]." *Id.* The person claiming

negligence must prove that the store was aware, or should have been aware, of the dangerous condition that caused her injuries. *Publix Super Markets, Inc. v. Schmidt*, 509 So. 2d 977, 978 (Fla. 4th DCA 1987).

Florida has codified this legal doctrine. "If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1) (2013). "Constructive knowledge may be proven by circumstantial evidence showing that . . . [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition." Fla. Stat. § 768.0755(1)(a) (2013).

In many negligence cases the critical issue is whether the store should have been aware of the dangerous condition. A person can establish this fact by producing some evidence to indicate how long the condition existed, how it was created, or who caused it. *Id.* For example, a person could show that a store should have been aware of a dangerous condition by presenting evidence that she slipped on a "piece of black looking rotten banana," on the floor of area that was "exclusively occupied" by the store's employees, that had not been cleaned for "about an hour and a half" before she fell. *Marlow v. Food Fair Stores of Fla.*, 284 So. 2d 490, 491–93 (Fla. 3d DCA 1973). The fact that the banana was black and rotten suggests that it had been there for some time since a banana is usually yellow and becomes darker the longer it is exposed to the air. The fact that it was in an area of the store exclusively occupied by store employees suggests a store employee dropped it there. And the fact that the area had not been cleaned or inspected for an hour and a half suggests that the store could have discovered it if it had a more regular cleaning schedule.

In another example, a person was able to establish that a foreign substance (a collard green leaf) was on a store's floor long enough to charge the store with constructive knowledge of its presence by presenting testimony that the collard green leaf was "old, wilted, and dirty looking." *Montgomery v. Fla. Jitney Jungle Stores, Inc.*, 281 So. 2d 302, 303, 306 (Fla. 1973). The fact that the leaf was old, wilted, and dirty suggests that it had been on the floor for a relatively long time since collard green leaves presented for sale in a store's produce section usually appear new, fresh, and clean.

As a final example, a person was able to establish that the dangerous condition that caused her to slip and fall (orange juice concentrate) existed for a sufficient length of time to charge the store with constructive knowledge by presenting evidence that the "orange juice concentrate . . . was partially frozen

and partially liquefied." *Gizzard v. Colonial Stores, Inc.*, 330 So. 2d 768, 769 (Fla. 1976). The fact that the orange juice concentrate, which is kept frozen, had partially melted suggests that the orange juice concentrate was on the floor for a relatively long time. The take-away from these examples is that, under Florida law, a person claiming that a store was negligent by not cleaning up a dangerous condition must present some evidence that the dangerous condition that caused her fall existed for such a length of time that, in the exercise of ordinary care, the store would have known of the condition. Fla. Stat. § 768.0755(1)(a) (2013); *see also Vallot v. Logan's Roadhouse, Inc.*, 567 F. App'x 723, 726 (11th Cir. 2014) (affirming an order granting summary judgment—under the framework of Florida Statute Section 768.0755(1)(a)—where the plaintiff failed to establish that the restaurant had actual or constructive notice of a slippery substance on the floor where he fell).

   **2. Valles has not presented any evidence to establish that a dangerous condition existed for such a length of time that Target would have discovered it if it acted reasonably.**

No one ever saw anything on the floor near where Valles fell. Christine Valles did not see anything. (Valles, Christine Dep. 88:17–20, ECF No. 75-2.) Her daughter-in-law, who was at the store with her, did not see anything. (Valles, Kelly Dep. 64:4–14, ECF No. 75-3.) And none of the Target employees saw anything on the floor. (Sasson Dep. 15:13–16, ECF No. 75-5; Hechavarria Dep. 15:11–16, 18:17–22, 19:5–18, ECF No. 75-6; Rodriguez Dep. 12:20–13:6, ECF No. 75-4.) And the area had been inspected by a Target employee less than 20 minutes before Valles fell. (Hechavarria Dep. 27:17–25.)

Although Valles cites to evidence to support an inference that there may have been something on the floor that day in the Target store, she has not presented any evidence to support the inference that the condition existed for such a length of time that, in the exercise of ordinary care, the store would have known of the condition. In responding to Target's summary-judgment motion, Valles relies on her testimony that after the fall she felt something sticky on the bottom of her shoes, and her daughter-in-law's testimony that Target employees were cleaning up something on the floor near her feet where there did not appear to be any blood. The inference she draws is that there was something on the floor of the Target store that caused her to fall. But even accepting this inference as true, Valles has still not presented *any evidence* to show that a Target employee put the substance on the floor, that Target knew about the substance and didn't clean it up, or that Target should have known about the substance and cleaned it up. She has offered no evidence that would give rise to an inference that the substance had been on the floor for a

sufficient length of time to charge Target with constructive knowledge of its presence.

This is not like the melted-orange-juice-concentrate case, the old-wilted-dirty-collard-green-leaf case, or the black-rotten-banana case. Based on the absence of evidence presented by Valles, this case would be aptly described as the invisible-disappearing-liquid case. Because Valles has not presented any evidence, either direct or circumstantial, that would give rise to an inference that the foreign substance had been on the floor for a sufficient length of time to charge Target with constructive knowledge of its presence, this Court cannot submit the question of Target's negligence to the jury. *See Evens v. Eastern Air Lines, Inc.*, 468 So. 2d 1111, 1112 ("[B]ecause the record is completely devoid of any evidence, either direct or circumstantial, directed to Eastern's notice of the dangerous condition, no negligence was shown and summary judgment was proper.").

### 3. Conclusion

This is a hard case. There is no doubt that Christine Valles fell in the Target store and suffered very serious injuries. By all accounts, these injuries have had a substantial impact on her life. But the law does not make a store responsible to every person that gets hurt while shopping. To hold a store responsible, the person must be able to prove that she was injured because the store failed to do something that a reasonable store would have done. In this case, there is simply no evidence that Target failed to do something that a reasonable store would have done.

For these reasons, the Court **grants** Target's motion for summary judgment (ECF No. 75). The Court **denies**, as moot, the parties' joint motion to allow electronic devices into the courtroom for trial (ECF No. 94).

**Done and ordered** in chambers at Miami, Florida on April 9, 2015.

_____
Robert N. Scola, Jr.
United States District Judge